UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

SURINDER SINGH,

                Petitioner,                  **MEMORANDUM & ORDER**
                                              26-CV-2438(EK)
            -against-

RAUL MALDONADO, JR., in his official
capacity as Warden of Brooklyn
Metropolitan Detention Center, et
al.,

                Respondents.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Surinder Singh petitions for a writ of habeas
corpus pursuant to 28 U.S.C. § 2241.  Petition, ECF No. 1.  He
seeks immediate release on the basis that he has been detained
for more than six months and his removal from the United States
is not likely to occur in the "reasonably foreseeable future."
*See id.*  Because the respondents have adequately demonstrated
that Singh's removal is imminent, the petition is denied.

## I.   Background

        Petitioner is a citizen of India who has been living
in the United States since 1991.  Petition ¶ 1.  He "possesses a
removal order issued against him" in April 1996.  *Id.*  Singh has
been in custody since October 14, 2025 — approximately seven
months.  *Id.* ¶ 2.  He is currently detained at the Metropolitan

Detention Center in Brooklyn.  *Id.* ¶ 4.

Petitioner contended that the government is "nowhere close to effectuating Petitioner's removal from the United States."  *Id.* ¶ 26.  But he offered no evidence in support of that argument.  Instead, he points out that "ICE has interviewed [him] at least four times, and as recent as April 14, 2026, in an attempt to gather information to assist with the removal process."  *Id.*  According to Singh, "from these interviews it has become abundantly clear that Respondents have not, and may never be able to, obtain travel documents which would allow Petitioner's travel to India."  *Id.*

In response to Singh's petition, the government submitted two declarations that specify its plan to facilitate Singh's removal.  Decl. of Mincheol So dated May 5, 2026, ECF No. 6-1 ("So Decl."); Decl. of Dmitry Rousseau dated May 22, 2026, ECF No. 9-1 ("Rousseau Decl.").  Officer So attests that after petitioner was detained, ICE requested that the Indian consulate assist in petitioner's return to India.  So Decl. ¶¶ 1-12.  As part of that process, ICE gathered the forms "required by India in order to issue travel documents."  *Id.* ¶ 13.  After ICE submitted those forms, the Indian embassy informed ICE that the travel documents for petitioner would be ready "on or about May 15."  *Id.* ¶ 15.  Once ICE obtains the travel documents, it will then book petitioner on a flight to India.  *Id.* ¶¶ 16-17.

The government filed a second declaration on May 22 to clarify the timeline of Singh's removal.  Rousseau Decl.  Officer Rousseau attests that on May 22, the government received the necessary travel documents.  *Id.* ¶ 3.  He attests further that as soon as the Court decides this petition, ICE will book petitioner's return flight to India, a process "which should take no longer than three weeks."  *Id.* ¶ 4.  Petitioner does not meaningfully contest Officer So's or Rousseau's assertions.

## II.  Discussion

"Federal courts must determine that they have jurisdiction before proceeding to the merits."  *Lance v. Coffman*, 549 U.S. 437, 439, (2007).[1]  Federal district courts generally lack jurisdiction to review final orders of removal.  REAL ID Act § 106(a)(1)(B) (codified at 8 U.S.C. § 1252(a)(5)); *see Sandher v. Gonzales,* 481 F.3d 108, 110 (2d Cir. 2007) ("The REAL ID Act divests district courts of habeas jurisdiction to review final administrative orders of removal.").  But when a petitioner challenges the reasonableness of his continued detention after a final order of removal has been entered, district courts may exercise jurisdiction.  *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  Because Singh challenges his ongoing detention, not his removal order, we turn to the merits.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Singh is detained pursuant to 8 U.S.C. § 1231(a).  So Decl. ¶ 16; *see Wang v. Ashcroft*, 320 F.3d 130, 145 (2d Cir. 2003) ("[Section] 1231 governs the detention of aliens subject to final orders of removal.").  Under Section 1231(a), the "Attorney General shall remove the alien from the United States within a period of 90 days," but "an alien ordered removed who is inadmissible" "may be detained beyond the [90-day] removal period."  Sections 1231(a), 1231(6).  At the same time, the Due Process clause imposes limits on the duration of such detention. *Zadvydas*, 533 U.S. at 689.  When interpreted "in light of the Constitution's demands, [Section 1231] limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal."  *Id.* at 689.  Six months is "presumptively reasonable."  *Id.*  After that period, the petitioner bears an initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  If he carries his burden, the government must then offer "evidence sufficient to rebut that showing."  *Id.*  Continued detention when removal is no longer "reasonably foreseeable" violates an individual's due process rights.  *Wang*, 320 F.3d at 146.

Petitioner has not carried this burden here.  His argument that ICE has interviewed him on four separate occasions says nothing about the likelihood that he will be removed in the

4

"reasonably foreseeable future."  *See Juma v. Mukasey*, No. 9-CV-3122, 2009 WL 2191247, at *3 (S.D.N.Y. July 23, 2009) (denying petition that makes "vague" allegations that removal is not foreseeable); *see also Kassama v. Dep't of Homeland Sec.*, 553 F. Supp. 2d 301, 306-07 (W.D.N.Y. 2008) (same).  And to the extent petitioner had carried his burden, the government's evidence has sufficiently rebutted it.

Petitioner also argues that ICE did not in fact obtain petitioner's travel documents "on or about May 15," as Officer So's declaration anticipated.  Petitioner's Reply, ECF No. 8. That argument is unavailing because ICE has now obtained those travel documents — an assertion which petitioner does not contest.  *See* Rousseau Decl. ¶ 4.  When as here ICE has obtained travel documents and need only make final travel arrangements, removal is more than likely to occur in the "reasonably foreseeable future" — it is "imminent."  *See, e.g.*, *Newell v. Holder*, 983 F. Supp. 2d 241, 248 (W.D.N.Y. 2013).

### III. Conclusion

For the reasons set forth above, Singh's petition for a writ of habeas corpus is denied.  The denial is without prejudice to renew should petitioner not be removed within thirty days of the effective date of this Order.  *See Guangzu Zheng v. Decker*, No. 14-CV-4663, 2014 WL 7190993, at *17

(S.D.N.Y. Dec. 12, 2014), *aff'd*, 618 F. App'x 26 (2d Cir. 2015).

The Clerk of Court is respectfully directed to close this case.


        SO ORDERED.



                                    __/s/ Eric Komitee_____
                                    ERIC KOMITEE
                                    United States District Judge


Dated:      June 2, 2026
            Brooklyn, New York